IN THE SUPERIOR COURT
OF GUAM

IN THE MATTER OF THE ESTATE of, )     PROBATE CASE NO. PR0043-12
LAGRIMAS ECLAVEA ESTEBAN, )
                 Deceased, )     BY:_____
                by )
CARMELITA B. TENORIO, )     **DECISION AND ORDER**
                Petitioner. )
                           )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on August 19, 2013. Petitioner Carmelita B. Tenorio (hereafter Peitioner) was represented by attorney William Benjamin Pole. Repondents, Martha G. Leon Guerrero, Margarita Esteban Camacho and Jovita E. Quenga, (hereafter Respondents) were represented by Leevin T. Camacho. After considering the matters presented, the Court now issues the following decision DENYING in part Petitioner's request for partial distribution. There being no opposition to the payment of attorney fees, Petitioner may make an appropriate payment of attorney fees under 15 GCA § 2813.

## BACKGROUND

The Decedent, Lagrimas Esclavea Esteban died on February 20, 2012. The instant action stems from a March 21, 2012 Petition for Letters Testamentary with Will Annexed. On May 29, 2012 the Court entered an order issuing Testamentary Letters and Probating Decedent's will. Pursuant to the Court's Letters Testamentary, Petitioner was appointed as the Executrix of Decedent's estate on May 29, 2012.

Decedent's February 23, 2001, Will, makes the following devises:[1]

Real Property

I give any and all interest in real property that I own at the time of my death described in PARCEL I to my nieces, Carmelita Blaz Tenorio, Martha G. Leon Guerrero, Margarita Esteban Camacho, Bernadette Blaz Cabrera and Jovita E. Quenga, and my nephew, Joseph Blaz, including but not limited to the following:

Parcel I

Lot No. 5038, Harmon Cliffline, Municipality of Guam, which said property is currently under the heirs of Pedro Palomo Esteban (See attached Grant of Contingent Future Interest marked Exhibit "A").

On February 7, 2012, the probate court in the estate of Maria E. Esteban and Pedro P. Esteban confirmed the sale of Lot 5038 and 5038-1. The petition asserts that Decedent's share portion of the sale of these lots was $80,000.00. The Decree of Distribution of Estate Property authorizing the transfer of this amount to Decedent was filed on September 17, 2012 and recorded at Department of Land Management on September 18, 2012.

On February 28, 2013, Petitioner filed an Amended Petition for Partial Distribution. The petition lists as Decedent's devisees and legatees:

Natividad E. Blaz;
Carmelita Blas Tenorio;
Martha G. Leon Guerrero;
Margarita Esteban Camacho;
Bernadette Blas Cabrera;
Jovita E. Quenga; and
Joseph E. Blaz.

It requests that a decree be made for a partial distribution through the will's personal property and residuary clauses of $80,000.00 from the sale of lots 5038 and 5038-1 to the Petitioner and that authorizes Petitioner to pay a sum of $2,700.00 to the Law Offices of Gumataotao and Pole.

In support of its distribution requests Petitioner on May 3, 2013, filed a paper entitled, Opening Brief Re: Partial Distribution. In it Petitioner argues that partial distribution under the

---

[1] Decedent's will contains identical devises for Lot Nos. 5040 and 5039.

will's residuary clause is justified because the property to be distributed was not owned by the Decedent at the time of her death. Petitioner reasons that because Decedent only had a future expectation in the properties, that Decedent did not own the property at the time of her death, and because Decedent's real property devises were limited to property she owned at the time of her death her future expectations must be distributed through the personal property and residuary clauses.

Respondents filed their Objection to Proposed Final Distribution on May 17, 2013. In it they argue that Decedent specifically bequeathed any and all interests she had in Lot nos. 5038 and 5040 and that Petitioner's request for partial distribution is contrary to that bequest. In support of this argument Respondents cite to the will's devising language and its referred attachments.[2]

Petitioner filed her Response to Objection Re: Partial Distribution, on May 24, 2013. In it Petitioner argues that as a matter of law Decedent failed to give any of her future interest by failing to include the word 'grant' in her devises. In support of this argument she cites to the Guam Supreme Court's decision in *Taitano v. Lujan*, 2005 Guam 26. She also re-asserts her argument that because Decedent did not possess the property until after her death it must be processed through the will personal property and residuary clauses.

## DISCUSSION

Outside of her request for payment of attorney fees,[3] Petitioner in her Pleading or papers cites no statute, authority or rule allowing this Court to grant her request ordering the partial distribution of $80,000.00 to the Petitioner. Pet. at 1-4; Opening Brief at 1-8. She

---

[2] Respondents assert that because the Amended Petition for Partial Distribution does not address Lot 5038-1 they reserve their position with respect to that lot.

[3] Petitioner's request for partial distribution for payment of attorney fees pursuant to 15 GCA § 2813 is not objected to or contested. Having reviewed the facts asserted in the Petition the Court

further fails to apply or analyze the facts to the appropriated recognized standard for partial distribution. *Id.* This basic lack of pleading sufficiency violates the Guam Rules of Civil procedure and the Guam Supreme Court's holdings regulating the filing of request for relief. Guam R. Civ. P. 7 and 8; *In re Estate of Concepcion*, 2003 Guam 12 (Sup. Ct. Guam 2003)( A party's failure to assert the grounds for its request may warrant denial); *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 (Sup. Ct. Guam 2008)(In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law: It is not sufficient for a party "simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments).

Section 3001 of Title 15 of the Guam Code allows for preliminary distributions. 15 GCA § 3001. It provides that Petitioner must first show: proper notice to creditors, resolution of bond, and the expiration of claims and their payment. *Id.* Having made this showing the statute allows that a partial distribution may be made to specific persons upon a showing that the distribution is necessary to the estate or in its best interests. *Id.* No assertions or arguments are made by Petitioner regarding why her general partial personal distribution is necessary to the estate or in its best interest. Opening Brief at 1-8; 15 GCA §3001. Absent this the Court is unable to grant Petitioner's request.

Under the facts set forth in the Parties papers, Decedent executed her will on February 23, 2001. Amended Petition Ex. B. In it she made specific devises of real property to five of her nieces one of whom was the Petitioner and one of her nephews. *Id.* Decedent's

finds sufficient grounds exist to authorize the partial distribution of the estate for payment of attorney fees.

grandparents' estate received a Grant Deed to Lot No. 5038 on or about October 13, 2003.[4] Objection at Ex. A. Decedent was designated as an intestate heir of her Grandparents. *Id.* Because Decedent's grandparents died prior to their estates' receipt of the Grant Deed, Decedent's intestate interest in Lot No. 5038 passed to her on the date the deed was received, or October 13, 2002, rather than at the death of her Grandparents as mandated by 15 GCA § 1401;[5] *Hemlani v. Nelson,* 2000 Guam 2 ¶ 20 (Thus, at death, title passes immediately to devisees and legatees by will or in accordance with intestate succession). Furthermore and similarly, despite the Probate Court's order confirming the sale of Lot No. 5038, it was not liquidated and converted into personal property until the Administrator's Quitclaim Deed of Conveyance was signed and recorded on or about March 9, 2012; after the date of Decedent's death and the Statutory passing of her interest in Real Property to her devisees. *Id.*; Obection at Ex. B. Because of this her interest at the time of her death was neither prospective nor expectant. 15 GCA § 1401; *Hemlani,* 2000 Guam 2 ¶ 20.

## CONCLUSION

For the reasons set forth above Petitioner request for partial distribution is DENIED in part. While it appears that Petitioner might well be entitled to a distribution of the monies derived from the sale of Lot No. 5038-1, it is unclear what portion of the $80,000.00 amount is associated to either of the Lot Nos. identified in the papers. Petitioner is hereby authorized to

---

[4] Decedent's Grandparents Maria Eclavea Esteban and Pedro Palomo Esteban died intestate on November October 13, 1961 and October 17 1967 respectively.

[5] 15 GCA § 1401(a) provides, § 1401.

> Upon a person's death, the title to such person's property, real and personal, passes immediately to the person or persons to whom it is devised or bequeathed by such person's last will, or, in the absence of such disposition, to the person or persons who succeed to such person's estate as provided in Division 2 of this Title.

15 GCA § 1401(a).

provide the estate's attorneys the amount their statutory amounts.

SO ORDERED, this ____1____ day of ____October____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

Dated at Hagåtña, Guam

OCT 1 2013

Glenna J. Mendiola
Deputy Clerk, Superior Court of Guam